**UNITED STATES of America, Appellee,**

v.

**Miguel Reyna HERNANDEZ, Appellant.**

**No. 90–1623.**

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 8, 1990.

Decided Sept. 10, 1990.

Milton A. DeJesus, Little Rock, Ark., for appellant.

John E. Bush, Little Rock, Ark., for appellee.

Before LAY, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and FAGG, Circuit Judge.

PER CURIAM.

Miguel Reyna–Hernandez appeals from a judgment of the district court[1] rendered in a bench trial finding him guilty of two counts of transporting illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(B) (1988).

On appeal Reyna–Hernandez asserts the evidence was insufficient to sustain the verdict. We affirm.

Reyna–Hernandez was arrested in a sting operation set up by the United States Border Patrol. A Border Patrol agent posing as an employer was contacted by co-defendant Cerda, who used the name "Antonio." The agent agreed to pay Cerda $600 per worker that Cerda delivered to Arkansas. Cerda and Reyna–Hernandez then drove six illegal aliens from near the Texas border to Arkansas. During the trip, Cerda and Reyna–Hernandez let the six aliens out into the desert to slip around a highway check point, referred to as a "puente." Upon arriving in Arkansas, Cerda and Reyna–Hernandez were arrested by the Border Patrol. At trial, two of the transported aliens testified that they had told Reyna–Hernandez that they did not have "papers" and Reyna–Hernandez responded that not having papers was not a problem. Additionally, Reyna–Hernandez warned these two aliens that if they were caught, he would lose his own papers and thus his right to be in the United States, and that the aliens would be sent back to Guatemala.

In reviewing a claim that the evidence was insufficient to support a guilty verdict, this court must "view all evidence and the reasonable inferences drawn from it in the light most favorable to the verdict." *United States v. Copple*, 827 F.2d 1182, 1186–87 (8th Cir.1987), *cert. denied*, 484 U.S. 1073, 108 S.Ct. 1046, 98 L.Ed.2d 1009 (1988). The government was required to prove four elements to show a violation of 8 U.S.C. § 1324(a)(1)(B): (1) the defendant transported an alien within the United States; (2) the alien was in the United States in violation of the law; (3) this was known to defendant; and (4) the defendant acted willfully in furtherance of the alien's violation of the law. *United States v. 1982 Chevrolet Crew–Cab Truck*, 810 F.2d 178, 181 (8th Cir.1987).[2]

1. The Honorable Stephen M. Reasoner, United States District Judge for Eastern District of Arkansas.

2. Prior to 1986 there were five elements. Congress amended the statute, removing the provision that required the alien to have entered the United States within the past three years. After

■ Two of the transported aliens testified for the government, and both indicated that Reyna–Hernandez was the person who drove them from Texas to Arkansas. Reyna–Hernandez urges that the government's failure to adduce the specific nationality of these two witnesses was fatal to its case because without such information there was insufficient evidence to show that they were in the United States illegally. The trial judge noted that it would have been better if the government had directly asked each witness his nationality, but concluded that the only reasonable inference to be drawn from the evidence was that the two witnesses were in the United States illegally. (Tr. p. 66–68). We agree with the trial judge and note that proof of specific nationality is not an element of the offense.[3] The defendant's knowledge of the aliens' illegal status, was proven by both the defendant's words and deeds. The two transported aliens testified that they told Reyna–Hernandez that they had no papers, and he replied this was no problem, that he would see to it they made it to Arkansas. In addition, the defendant assisted the aliens in navigating around a highway checkpoint. The evidence is sufficient to show that Reyna–Hernandez knew the aliens were in the country illegally. Reyna–Hernandez does not challenge the sufficiency of the evidence on the fourth element of the offense.

Reviewing the record in the light most favorable to the government, we find there was sufficient evidence to show that Reyna–Hernandez transported illegal aliens in violation of federal law. Accordingly, we AFFIRM the judgment of the district court.

---

1986, a defendant need not have knowledge that the alien entered the United States within the past three years.

**3.** The trial court relied on the two aliens' testimony that they were threatened to be sent *back* to Guatemala if discovered, a statement which they did not challenge. In addition, the two transported aliens testified that they did not have and never had papers or authorization to stay in the United States. The defendant argues that the term "papers", which was used throughout the trial to refer to legal status to stay in the United States, is ambiguous. We agree with the government that "papers" is commonly understood in this context to mean legal authorization to be in the United States.