United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 96-3489EA

_____

United States of America,      *
     *
      Appellee,     *    Appeal from the United States
     *    District Court for the Eastern
    v.      *    District of Arkansas.
     *
Jose Sotero Vasquez-Ferreira,     *       [UNPUBLISHED]
     *
      Appellant.     *

_____

Submitted:  March 11, 1997
Filed: May 13, 1997

_____

Before FAGG, HEANEY, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Jose Sotero Vasquez-Ferreira worked as a van driver for a company that offered transportation from South Texas to other parts of the country.  During one of his trips, Vasquez-Ferreira was arrested by undercover Border Patrol officers after he tried to collect a fare for bringing two illegal aliens to Little Rock, Arkansas.  The Government charged Vasquez-Ferreira with conspiracy to transport, and two counts of transporting an illegal alien.  See 8 U.S.C. § 1324(a)(1)(A)(ii) (1994); 18 U.S.C. § 371 (1994).  A jury convicted Vasquez-Ferreira on all the charges, and he appeals.  We affirm.

Vasquez-Ferreira contends the evidence was insufficient to show he knowingly transported illegal aliens. Viewing the record in the light most favorable to the verdict, we disagree. At least twice on the road to Little Rock, Vasquez-Ferreira was within hearing distance when the passengers told Vasquez-Ferreira's driving partner that they had no immigration papers. See United States v. Hernandez, 913 F.2d 568, 569-70 (8th Cir. 1990). Additionally, Vasquez-Ferreira acknowledged his passengers were illegal aliens when he was explaining the trip's cost to the undercover officers. Relying on United States v. Medina-Garcia, 918 F.2d 4, 6-8 (1st Cir. 1990), Vasquez-Ferreira also contends the Government failed to establish that one of his passengers was in the United States illegally. According to Vasquez-Ferreira, the undercover officers authorized the passenger's entry from Mexico after he volunteered to help infiltrate a large smuggling operation. Because Vasquez-Ferreira failed to raise this issue in the district court, we will not consider it on appeal. See United States v. Flaherty, 76 F.3d 967, 973 (8th Cir. 1996). Besides, unlike the government informant in Medina-Garcia, the passenger neither had a prearranged role in the Border Patrol's sting operation nor had been granted any legal status to live and work in the United States. See 918 F.2d at 6-8.

We thus affirm Vasquez-Ferreira's convictions.


A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.