**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 14 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LEONARD BARNARD YAZZIE,

Defendant-Appellant.

No. 99-2354
(D.C. No. CR-98-934-JC)
(New Mexico)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **EBEL**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Leonard Bernard Yazzie appeals his convictions for aggravated sexual abuse of a child under the age of twelve in Indian Country in violation of 18 U.S.C. §§ 1153, 2241(c), and 2246(2)(D), and abusive sexual contact with a child in Indian Country in violation of 18 U.S.C. §§ 1153, 2244(a)(1), and 2246(3). We affirm.

Mr. Yazzie claims there was insufficient evidence at trial to establish beyond a reasonable doubt that he committed these crimes on the dates alleged in the indictment. Sufficiency of the evidence is a question of law which we review de novo. *See United States v. Barajas-Chavez*, 162 F.3d 1285, 1289 (10th Cir. 1999) (en banc). When undertaking our review, we look to the evidence, "both direct and circumstantial, together with all reasonable inferences in the light most favorable to the prosecution, to determine whether a reasonable jury could find the essential elements of a crime beyond a reasonable doubt." *See United States v. Roberts*, 185 F.3d 1125, 1140 (10th Cir. 1999). Where a defendant challenges the government's proof as to when an offense occurred and the time is not an element of the offense, "there must be some evidence which tends to show that the defendant committed the charged offense on 'a date reasonably near to the specified date' alleged in the indictment." *United States v. Charley*, 189 F.3d 1251, 1273 (10th Cir. 1999) (quoting *United States v. Castillo*, 140 F.3d 874, 885 (1998)), *cert. denied* 120 S. Ct. 1272 (2000).

The indictment alleged that Mr. Yazzie committed these crimes against the child victim "[o]n or about June and July 1997." Rec., vol. I, Indictment. The child victim testified at trial that although he could not remember how many years ago the incidents took place or how old he was at the time, he did recall that it was sometime close to his birthday in July, *see* Rec., vol. V, Tr. at 35-36; vol. IV, Tr. at 269, and repeatedly testified it occurred while they were herding sheep together near the San Juan River in Fruitland, New Mexico, *see id.*, vol. V, Tr. at 31, 33, 51, 54-56, 60, 69. Mr. Yazzie himself testified that he herded sheep with the child victim near the San Juan River in Fruitland sometime in May or June, 1997. *See id.* at 230-31 (testifying he took the boys to herd sheep down near the river while living in Fruitland), and 245 (testifying he lived in Fruitland for thirty days beginning in April or May, 1997). This evidence together is sufficient to show that the crimes John Doe testified to occurred reasonably near June and July, 1997, the alleged dates set forth in the indictment. *See Charley*, 189 F.3d at 1272 (proof sufficient where prosecution proves offense committed within a few weeks of the date alleged in indictment); *Castillo*, 140 F.3d at 885 (where indictment alleged crimes occurred on or about June and July of 1994, testimony that crime occurred during summer of 1994 held sufficient).

We reject Mr. Yazzie's argument that the evidence was insufficient simply because John Doe could not testify to the exact month and year these events took

place. Dr. Dave Sprenger, an expert in child psychiatry, testified that children are less able than adults to give a temporal sequence, that is, put things on a time line. *See* Rec., vol.V, Tr. at 105. The child victim was able to relate a location and event corresponding to the crime, and Mr. Yazzie's own testimony linked that location and event to sometime in May or June, 1997, a time reasonably near those dates set forth in the indictment. *See, e.g.*, *Charley*, 189 F.3d at 1273 (suggesting evidence sufficient where child can specifically recall an event or incident indexed to the specific time).

Mr. Yazzie also contends the district court abused its discretion in summarily denying his request for funds under the Criminal Justice Act (CJA), 18 U.S.C. § 3006A. Prior to trial, Mr. Yazzie filed a sealed ex parte motion requesting funds for the services of a polygraph examiner. *See* Rec., Doc. 13. In this motion, which did not include an attached legal brief, Mr. Yazzie's counsel summarily requested such funds "in order to provide Defendant Yazzie timely, effective assistance of counsel," *see id.* at ¶2, relying on no more than his "belie[f] that this request is reasonably necessary to provide effective assistance," *see id.* at ¶3.

We review a district court's refusal to authorize funds under the CJA for an abuse of discretion. *See United States v. Kennedy*, 64 F.3d 1465, 1470 (10th Cir. 1995). "In order to obtain services under [the CJA], the defendant must do more

than allege that the services would be helpful. The defendant bears the burden of showing that the requested services are 'necessary' to present an adequate defense." *Id.* Although Mr. Yazzie presents strenuous and lengthy arguments on appeal regarding his need for the polygraph examiner due to the credibility issue decisive at trial and the asserted admissibility of a polygraph examiner's testimony, none of these arguments were presented to the district court in support of this request. As we stated in *Kennedy*, it is insufficient for a defendant to generally allege that services are necessary without specifically showing why the services are necessary or what the defendant expects to find through the use of such services. *See id.* (citing *United States v. Mundt*, 508 F.2d 904, 908 (10th Cir. 1974)). For this reason, the district court did not abuse its discretion in denying Mr. Yazzie's conclusory motion.

We **AFFIRM** the judgment of the district court.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge