**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 25 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARTIN BARAJAS-CHAVEZ,

Defendant-Appellant.

No. 03-2059

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. NO. CR-96-174-MV)**

---

Floyd W. Lopez, Floyd W. Lopez, P.A., Albuquerque, New Mexico, for
Defendant-Appellant.

Fred J. Federici, Assistant United States Attorney, Albuquerque, New Mexico, for
Plaintiff-Appellee.

---

Before **SEYMOUR** , **HARTZ** , and **TYMKOVICH** , Circuit Judges.

---

**TYMKOVICH** , Circuit Judge.

In 1995, federal officials detained Martin Barajas-Chavez at a traffic

checkpoint near Gallup, New Mexico while he was transporting ten illegal aliens

in a pickup truck bound for Colorado. He was subsequently indicted on two

counts of transporting illegal aliens from Arizona to New Mexico in violation of federal immigration law. A jury convicted Barajas-Chavez on both counts. The district court set aside the jury verdict on the ground that the evidence was insufficient to support the convictions, but this Court sitting en banc reversed the district court's decision and remanded for reinstatement of the jury verdict and sentencing. *See United States v. Barajas-Chavez*, 134 F.3d 1444 (10th Cir. 1998), and *United States v. Barajas-Chavez*, 162 F.3d 1285 (10th Cir.) (en banc), *cert. denied*, 528 U.S. 826 (1999). The district court reinstated the jury verdict in December 2000 and sentenced Barajas-Chavez to 62 days imprisonment (time served) on January 24, 2003.

Prior to reinstatement of the jury verdict, on remand, Barajas-Chavez asked the district court to reconsider two previously denied pre-trial motions relating to the propriety of his arrest and indictment. The district court denied the motion for reconsideration. *See United States v. Barajas-Chavez*, 236 F. Supp. 2d 1279 (D.N.M. 2002).

Barajas-Chavez appeals the denial of the motion for reconsideration and another pre-trial motion to dismiss the indictment that related to the unavailability of two potential defense witnesses. We take jurisdiction under 28 U.S.C. § 1291 and affirm.

I.

This Court has previously disposed of Barajas-Chavez's challenge to the sufficiency of the evidence supporting his conviction, 162 F.3d at 1286, and we need not repeat those facts here. We restate only those facts relevant to the motions now before us on appeal.

On March 10, 1996, Immigration and Naturalization Service (INS) officials stopped Barajas-Chavez at a Gallup, New Mexico, license and registration checkpoint as he entered New Mexico from Arizona on Interstate 40. He was arrested after the INS officials discovered Barajas-Chavez, along with the ten other men and women in the cab and camper shell of his pick-up truck, lacked documentation of citizenship. The officials interviewed all of the passengers in the truck, but the government relied on only two, Mr. Macias-Lopez and Mr. Lopez-Arellano, to support an indictment. Barajas-Chavez was subsequently indicted for the transportation of Macias-Lopez and Lopez-Arellano, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(ii) (1994) and 18 U.S.C. § 2 (1994). The other passengers were allowed to return voluntarily to Mexico.

Before trial, Barajas-Chavez filed a Motion to Dismiss Indictment, arguing that the government had not acted in good faith by allowing two passengers, Ms. Fonseca-Moreno and Mr. Garcia-Galvan, to return to Mexico because Barajas-Chavez was unable to use them as witnesses in his defense. He maintained that

these two potential witnesses would have testified that they were traveling with Barajas-Chavez as friends, thus negating the "in furtherance of violation of law" element of the crime with respect to Macias-Lopez and Lopez-Arellano.[1] The district court denied the motion after a hearing on July 5, 1996. The district court found that, since Barajas-Chavez was not indicted for transporting Fonseca-Moreno and Garcia-Galvan, their testimony would not be material under *United States v. Chavez-Palacios*, 30 F.3d 1290, 1294 (10th Cir. 1994) (evidence is sufficient to support conviction under 8 U.S.C. § 1324(a)(1)(B) if it shows "the defendant had the intent to further the aliens' presence in this country").

At the time he filed the Motion to Dismiss Indictment, Barajas-Chavez also filed a Motion to Quash Arrest and a Motion to Suppress Evidence. In his Motion to Quash Arrest he argued that the search of his vehicle and subsequent arrest were illegal under the Fourth Amendment. In his Motion to Suppress Evidence he argued that evidence seized as a result of the allegedly illegal stop and arrest

---

[1] Title 8, Section 1324(a)(1)(A), makes punishable

Any person who–

    (ii) knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, transports, or moves or attempts to transport or move such alien within the United States by means of transportation or otherwise, in furtherance of such violation of law. . . .

-4-

should be suppressed. He made no reference to the validity of the roadblock in either of these motions.

During the July 5 motions hearing, the district court questioned whether Barajas-Chavez had raised the issue of the roadblock's legality and Barajas-Chavez's counsel replied that he had not briefed that issue. III R.O.A., Tr. of Motions Hearing, at 93 (July 5, 1996) [hereinafter Motions Tr.]. Thereafter, the court told the prosecution that it need not present argument regarding the roadblock's legality because the issue had not been adequately raised at the hearing. *Id*. at 117. Barajas-Chavez did not object.

Ultimately, the district court held that Barajas-Chavez had waived his challenge to the legality of the roadblock by not previously raising the issue. *Id*. Barajas-Chavez did not object to the court's conclusion and a jury subsequently convicted him of both counts of the indictment.

On December 1, 2000, after remand from this Court's resolution of the district court's post-conviction judgment of acquittal, *see Barajas-Chavez*, 162 F.3d 1285, Barajas-Chavez filed a Motion for Reconsideration of Motion to Quash Arrest and Motion to Suppress Evidence, arguing that the roadblock was improper under *City of Indianapolis v. Edmond*, 531 U.S. 32 (2000), a Supreme Court decision handed down three days earlier. The district court denied that motion, holding that Barajas-Chavez had waived his challenge to the roadblock's

legality under Rule 12(f) of the Federal Rules of Criminal Procedure (now at Fed. R. Crim. P. 12(e) (2002)). *See* I R.O.A. Doc. 125, Memorandum Opinion and Order, at 6 (Dec. 13, 2002); *Barajas-Chavez*, 236 F. Supp. 2d at 1282 (citing *United States v. Dewitt*, 946 F.2d 1497, 1502 (10th Cir. 1991)).

On January 24, 2003, the trial court sentenced Barajas-Chavez to a term of 62 days imprisonment (time served). It entered its judgment on February 11, 2003 and this appeal followed.

## II.

Barajas-Chavez raises three issues on appeal. First, he argues insufficient evidence existed for the jury to find he transported the aliens in violation of federal law. Because the en banc Court has already concluded the evidence was sufficient to support Barajas-Chavez' conviction, *see Barajas-Chavez*, 162 F.3d at 1289–90, we need not address the merits of this issue. Second, he argues that the district court improperly denied his motion to reconsider his prior motions to quash his arrest and suppress evidence. Third, he argues that the district court improperly failed to dismiss his indictment after INS agents allowed two of the aliens he was transporting and whom he wished to call at trial to voluntarily return to Mexico.

A.

We need not reach the merits of Barajas-Chavez's second argument because we agree with the district court that Barajas-Chavez has waived his argument that the roadblock was illegal. We review the district court's denial of a motion for reconsideration for an abuse of discretion. *Anthony v. Baker*, 767 F.2d 657, 666 (10th Cir. 1985).

A defendant must raise a motion to suppress evidence before trial or that objection is waived. Fed. R. Crim. P. 12(e) (2002). This "waiver provision applies not only to the failure to make a pretrial motion, but also to the failure to include a particular argument in the motion." *Dewitt*, 946 F.2d at 1502.

Barajas-Chavez argues that his pre-trial motions adequately claimed the stop was illegal and contained all information available to him prior to the hearing. The government argues that Barajas-Chavez's general references to the roadblock's illegality failed to set forth disputed issues of material fact regarding his allegations that the roadblock was pretextual and not carried out pursuant to lawful public safety considerations.

Barajas-Chavez was required to set forth plainly in his pre-trial motions the grounds upon which he sought relief. "To warrant an evidentiary hearing, the motion to suppress must raise factual allegations that are 'sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that

contested issues of fact . . . are in issue.'" *United States v. Chavez-Marquez*, 66 F.3d 259, 261 (10th Cir. 1995) (quoting *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986)). "A defendant who requests a hearing bears the burden of showing that there are disputed issues of material fact." *Id*. (quoting *United States v. Woods*, 995 F.2d 713, 715 (7th Cir. 1993) (citations omitted)).

To the extent Barajas-Chavez refers to the roadblock, he sets forth no "sufficiently definite, specific, detailed, and nonconjectural" factual allegations. *Id*. In his written filings Barajas-Chavez made only perfunctory references to the stop and search, with no mention of any facts showing the roadblock was illegal. [2] The memoranda in support of his motions, each a little over one page in length, add no facts supporting his claim.

In addition, during the motions hearing Barajas-Chavez made a few isolated remarks about the roadblock's legality, but again set forth no specific legal arguments or facts to support his position. *See* Motions Tr. at 9–10, 93–94. Although he argued he did not have the information necessary to brief the issue of the roadblock's legality before the hearing, the district court noted that the

---

[2] The closest Barajas-Chavez comes to addressing the legality of the roadblock in his motions is in his Motion to Suppress Evidence where he argues "that both the stop and arrest of defendant were illegal, that all evidence seized was a result of the exploitation of the illegality, and that the evidence should therefore be excluded." I R.O.A. Doc. 33. He makes no mention of the roadblock and it is unclear which aspect of the "stop" he considered illegal.

testimony at the evidentiary hearing was nearly identical to that provided in the briefs. *See id*. at 93.

In light of this, it is incongruous that Barajas-Chavez now represents that his "motion to quash and motion to suppress evidence . . . were based *primarily* on the illegal stop." Aplt. Br. at 18 (emphasis added). Accordingly, the district court did not abuse its discretion by holding that Barajas-Chavez's failure to challenge the roadblock's legality prior to the motions hearing waived this issue under Rule 12. His attempt to raise the argument at the evidentiary hearing was quite simply, too little, too late.

## B.

Barajas-Chavez also argues the district court erred in denying his motion to dismiss the indictment because his Fifth Amendment due process rights and his Sixth Amendment confrontation rights were violated when the government allowed Fonseca-Morena and Garcia-Galvan to voluntarily depart from the United States. He argues that they could have provided material evidence favorable to his defense by testifying that the group was traveling as friends.

"We review the district court's denial of a motion to dismiss an indictment for an abuse of discretion," *United States v. Furman*, 31 F.3d 1034, 1037 (10th Cir. 1994) (citing *United States v. Kingston*, 971 F.2d 481, 490 (10th Cir. 1992)), and will not disturb the district court's decision unless there is "a distinct showing

it was based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment." *Cartier v. Jackson*, 59 F.3d 1046, 1048 (10th Cir. 1995).

This Court has held that a district court is only required to dismiss a defendant's indictment because of the departure of potential witnesses when the defendant shows that "(1) the government acted in bad faith by allowing a witness with potentially exculpatory information to depart; and (2) the voluntary departure of the absent witness prejudiced him by eliminating testimonial evidence that 'would be both material and favorable to the defense.'" *United States v. Iribe-Perez*, 129 F.3d 1167, 1173 (10th Cir. 1997) (quoting *United States v. Valenzuela-Bernal*, 458 U.S. 858, 873 (1982)); *see also Arizona v. Youngblood*, 488 U.S. 51, 58 (1988) (establishing bad faith requirement).

Barajas-Chavez has failed to meet both of these requirements. First, no evidence has been proffered that shows any bad faith on the part of the government for failing to detain the additional witnesses up to and through trial. Both witnesses, along with six others, sought to return voluntarily to Mexico. There is no indication that the government prevented Barajas-Chavez from interviewing any of them before they departed or otherwise interfered with his efforts to obtain favorable evidence.

With respect to the second prong, the district court found that the testimonial evidence Barajas-Chavez claims the witnesses would offer was not material to his defense. "Evidence is material if its suppression might have affected the trial's outcome." *Richmond v. Embry*, 122 F.3d 866, 872 (10th Cir. 1997) (citing *Valenzuela-Bernal*, 458 U.S. at 868). "In other words, material evidence is that which is exculpatory—evidence that if admitted would create reasonable doubt that did not exist without the evidence." *Id.* The Supreme Court has held that while the status of those aliens a defendant is charged with transporting is relevant to his defense, the status of other aliens not named in the indictment as transportees is not. *Valenzuela-Bernal*, 458 U.S. at 871.

Barajas-Chavez has failed to suggest any testimony by Fonseca-Moreno or Garcia-Galvan that was relevant to rebut the status of Macias-Lopez or Lopez-Arellano as illegal aliens being transported by Barajas-Chavez or their intention to seek employment in Colorado. Whether Fonseca-Moreno and Garcia-Galvan were friends with Barajas-Chavez was irrelevant to the status of those aliens named in the indictment. The important fact at issue was whether Barajas-Chavez transported Macias-Lopez and Lopez-Arellano to further their unlawful presence in the United States. Both Macias-Lopez and Lopez-Arellano testified at trial that Barajas-Chavez knowingly attempted to drive them to Denver so they could find

work as illegal aliens, an activity furthering their unlawful presence in the United States. V R.O.A., Tr. of Jury Trial, at 89–90, 137 (July 26, 1996).

None of the facts to which Barajas-Chavez argues Fonseca-Moreno and Garcia-Galvan could have testified would have cast doubt on any element of the crime charged. To the contrary, any evidence offered by the witnesses would, if anything, only have buttressed the government's claim that Barajas-Chavez stood to benefit from transporting the aliens to Denver. In fact, counsel for Barajas-Chavez admitted at the pre-trial hearing that he had not interviewed the witnesses and had no direct knowledge of their potential testimony. Thus, Barajas-Chavez has failed to show that the testimony of Fonseca-Moreno and Garcia-Galvan would have "affected the trial's outcome." *Richmond*, 122 F.3d at 872.

We therefore conclude the district court did not abuse its discretion in denying Barajas-Chavez' motion to dismiss the indictment.

AFFIRMED.