**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 27 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CATARINO SANTA CRUZ-
LOZANO,

    Defendant-Appellant.

No. 04-2138
(D.C. No. CR 03-1713 JC)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **LUCERO,** and **MURPHY**, Circuit Judges.

---

Catarino Santa Cruz-Lozano appeals his convictions on two counts of

transporting an illegal alien in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii),

(a)(1)(B)(i), and (a)(1)(A)(v)(II). He argues on appeal that the district court erred

in instructing the jury. We disagree and **AFFIRM** his convictions.

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

At trial the government presented evidence that Immigration and Customs Enforcement Agents found Cruz-Lozano, an undocumented alien, driving a truck containing twelve other undocumented aliens near the Mexican border in New Mexico. According to government witnesses, Cruz-Lozano guided the aliens on foot in Mexico across the border into the United States, left them to get the truck, and then drove the aliens in the truck within the United States. Cruz-Lozano testified that another alien, named Alfredo, drove the truck until he spotted the agents. At that point, according to the defendant, Alfredo claimed to be tired and asked Cruz-Lozano to take over driving. The defendant agreed, and moments later the agents pulled over the truck.

After the presentation of evidence, the district court instructed the jury in relevant part as follows:

> Title 8, United States Code, Section 1324(a)(1)(A)(ii), makes it a crime for anyone to transport an alien within the United States, knowing or in reckless disregard of the fact that the alien is here illegally, and in furtherance of the alien's violation of the law.
> For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:
>
> First: That an alien had entered or remained in the United States in violation of the law;
>
> Second: That the defendant transported the alien within the United States with intent to further the alien's unlawful presence;
>
> Third: That the defendant knew or recklessly disregarded the fact that the alien was in the United States in violation of the law. . . .

A defendant acts in furtherance of the alien's unlawful status regardless of profit motive or close relationship, with knowledge or with reckless disregard of the fact that the person transported is an illegal alien and that transportation or movement of the alien will help, advance, or promote the alien's illegal entry or continued illegal presence in the United States. One indication of furthering an alien's unlawful status is to assist the aliens in evading immigration authorities by relocating them to a city much farther from the United States Mexico border.

You may consider any and all relevant evidence bearing on the in furtherance of element including time, place, distance, reason for trip, overall impact of trip, and defendant's role in organizing and/or carrying out the trip.

Having preserved his objection to this instruction, Cruz-Lozano now appeals. We review jury instructions "de novo to determine whether, as a whole, the instructions correctly state the governing law and provide the jury with an ample understanding of the issues and applicable standards." United States v. Wittgenstein, 163 F.3d 1164, 1168 (10th Cir. 1998). We review a district court's decision to give a particular instruction for an abuse of discretion, United States v. McPhilomy, 270 F.3d 1302, 1310 (10th Cir. 2001), and will reverse only if we have "substantial doubt that the jury was fairly guided." United States v. Pappert, 112 F.3d 1073, 1076 (10th Cir. 1997) (citation omitted).

On appeal, Cruz-Lozano challenges the following portion of the instruction:

A defendant acts in furtherance of the alien's unlawful status regardless of profit motive or close relationship, with knowledge or with reckless disregard of the fact that the person transported is an illegal alien and that transportation or movement of the alien will help, advance, or promote the alien's illegal entry or continued illegal presence in the United States.

He argues that profit motive was not at issue in this case, and therefore this language "served to mislead the jury so as to associate Santa Cruz' defense with that of transporting not for profit or a close relationship. However, Santa Cruz' defense was that he was induced by trickery." (Appellant's Br. at 15). First, this instruction correctly states the governing law. In <u>United States v. Barajas-Chavez</u>, 162 F.3d 1285 (10th Cir. 1999) (en banc) we held:

> [T]he [in furtherance] element is sufficiently broad to encompass any person who acts, regardless of profit motive or close relationship, with knowledge or with reckless disregard of the fact that the person transported is an illegal alien and that transportation or movement of the alien will help, advance, or promote the alien's illegal entry or continued illegal presence in the United States.

<u>Id.</u> at 1288. Moreover, the inclusion of this language in the jury instruction did not prevent the jury from considering Cruz-Lozano's defense: that the reason he was driving the truck is because he was deceived by the person truly responsible for transporting the aliens into and within the United States. The court included the following language in the instruction, which left ample room for the jury to weigh the defense: "You may consider any and all relevant evidence bearing on the in furtherance of element including time, place, distance, <u>reason for trip</u>, overall impact of trip, and <u>defendant's role in organizing and/or carrying out the trip</u>." This portion of the instruction also correctly states the governing law. See <u>Barajas-Chavez</u>, 162 F.3d at 1289 ("a factfinder may consider any and all relevant evidence bearing on the 'in furtherance of' element (time, place, distance, reason

for trip, overall impact of trip, defendant's role in organizing and/or carrying out the trip).").

Cruz-Lozano objects that "by instructing the jury that 'regardless of profit motive,' the jury was lead [sic] to believe that even if Santa Cruz was not driving for profit, he was still acting 'in furtherance.'" That is a correct statement of the law. The jury "may consider any and all relevant evidence" and determine whether a defendant was acting "in furtherance" of an alien's unlawful status. Id. That is precisely what the jury did in this case. We do not have "substantial doubt that the jury was fairly guided." Pappert, 112 F.3d at 1076.

We **AFFIRM** Cruz-Lozano's convictions.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge