**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 10, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ARMIN P. MITCHELL,

     Plaintiff-Appellant,

WILHEMENA LAWRENCE
MITCHELL,

     Attorney-Appellant,

v.

KRAFT PIZZA COMPANY,

     Defendant-Appellee.

No.  04-1090
(D.C. No. 02-D-1690 (CBS))
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **McCONNELL**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Armin P. Mitchell and his former attorney, Wilhemena Lawrence Mitchell, appeal the district court's imposition of sanctions against Ms. Mitchell. Plaintiff's opening and reply briefs are not models of clarity, but it appears that he also challenges the district court's denial of his motion to compel, and its grant of summary judgment in favor of his former employer, Kraft Pizza Company (Kraft), on his claims brought pursuant to Title VII, 42 U.S.C. § 1981, the Fair Labor Standards Act, the Family Medical Leave Act, and the Americans with Disabilities Act.

As a preliminary matter, we note that the challenged sanctions were entered solely against plaintiff's former attorney, Ms. Mitchell.[1] Kraft contends that plaintiff lacks standing to appeal the sanctions order, and that we should therefore dismiss that part of the appeal for want of jurisdiction. We agree.

> In order to satisfy the jurisdictional prerequisite of standing, the plaintiff must do more than allege abstract injury, he must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical.

*Phelps v. Hamilton*, 122 F.3d 1309, 1316 (10th Cir. 1997) (quotation marks omitted). In this case, plaintiff argues that the award of sanctions against

---

[1] This court granted Ms. Mitchell's motion to withdraw as counsel to plaintiff on April 22, 2005, shortly after the Supreme Court of Colorado suspended her from the practice of law.

Ms. Mitchell somehow harmed him, but his allegations of harm are vague and unsubstantiated. We therefore conclude that we lack jurisdiction to hear, and we accordingly dismiss, plaintiff's challenges to the imposition of sanctions against Ms. Mitchell. *See Laurino v. Tate*, 220 F.3d 1213, 1218 (10th Cir. 2000) (citing *Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir. 1998), for its holding that client lacks standing to appeal order imposing sanctions against his attorney).

Our jurisdiction to consider the balance of the issues raised on appeal arises under 28 U.S.C. § 1291. We review for abuse of discretion both the district court's imposition of sanctions pursuant to Fed. R. Civ. P. 16(f) and 37(a)(4)(B), and its denial of plaintiff's motion to compel. *Olcott v. Del. Flood Co.*, 76 F.3d 1538, 1557 (10th Cir. 1996) (Rule 16(f) sanctions); *Interactive Prods. Corp. v. a2z Mobile Office Solutions, Inc.*, 326 F.3d 687, 701 (6th Cir. 2003) (Rule 37(a)(4)(B) sanctions); *Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 952-53 (10th Cir. 2004) (motion to compel). We review de novo the district court's grant of summary judgment, applying the same standard as that court under Fed. R. Civ. P. 56(c). *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).

Ms. Mitchell "was the party aggrieved by the district court's imposition of sanctions and, therefore, [i]s the proper party to appeal from th[at] decision."

*Riggs v. Scrivner, Inc.*, 927 F.2d 1146, 1149 (10th Cir. 1991). Kraft, however, suggests that Ms. Mitchell cannot appeal the sanctions award because she did not file a notice of appeal on her own behalf. But Kraft's suggestion fails to recognize that the notice of appeal and docketing statement make clear Ms. Mitchell's intent to appeal the imposition of sanctions. Fed. R. App. P. 3(c)(4); *Trotter v. Regents of Univ. of N.M.*, 219 F.3d 1179, 1184 (10th Cir. 2000) (holding that docketing statement filed within period for taking appeal can cure deficiencies in notice of appeal). Notwithstanding her intent to appeal the award of sanctions, Ms. Mitchell has waived the issue by failing to present any argument on her own behalf challenging the award's merit. *Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1231 (10th Cir. 1990) (holding failure to argue issue in appellate brief or at oral argument waives the issue). Therefore, we must affirm the imposition of sanctions.

We now turn to plaintiff's contention that the district court erred in denying his motion to compel. Having carefully considered plaintiff's arguments, the record, and the applicable law, we conclude that the district court did not abuse its discretion in affirming the magistrate judge's ruling denying plaintiff's motion to compel. Further, the district court did not abuse its discretion in denying plaintiff's motion to reconsider the order denying his motion to compel. *United*

*States v. Barajas-Chavez*, 358 F.3d 1263, 1266 (10th Cir. 2004) (reviewing denial of motion to reconsider for abuse of discretion).

Plaintiff also argues that the district court erred in granting Kraft's motion for summary judgment. We disagree. Having carefully considered plaintiff's arguments, the record, and the applicable law, we hold that the district court did not err in granting Kraft summary judgment.

Finally, we decline to consider the handful of issues plaintiff raises for the first time on appeal in his pro se reply brief. *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000) ("This court does not ordinarily review issues raised for the first time in a reply brief."); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (observing that appellant's pro se status does not excuse him from "comply[ing] with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").

That part of the appeal in which plaintiff challenges the imposition of sanctions against Ms. Mitchell is DISMISSED for lack of jurisdiction. The judgment of the district court is AFFIRMED. Kraft's motion for sanctions is DENIED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge