**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-5167**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JUVENAL MARTINEZ-MARIN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Robert E. Payne, District Judge.  (CR-05-202)

Submitted:  August 9, 2006            Decided:  August 31, 2006

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Christopher C. Finch, Fairfax, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Rebeca H. Bellows, Assistant United States Attorney, Michael B. Kades, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Juvenal Martinez-Marin appeals his conviction after a jury trial of one count of unlawfully transporting illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) (2000). On appeal, Martinez-Marin argues that the evidence was insufficient to sustain his conviction. We disagree and affirm.

A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be confined to cases where the prosecution's failure is clear." United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984). A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, we view the evidence in the light most favorable to the government, and inquire whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to establish a defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In evaluating the sufficiency of the evidence, we do not review the credibility of the witnesses and assume that the jury resolved all contradictions in the testimony in favor of the government. United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998).

The elements of a violation of § 1324(a)(1)(A)(ii) are "(1) the transporting or moving of an alien within the United States, (2) that the alien was present in violation of law, (3) that the defendant was aware of the alien's status, and (4) that the defendant acted willfully in furtherance of the alien's violation of the law."  United States v. Barajas-Chavez, 162 F.3d 1285, 1287 (10th Cir. 1999).  Martinez-Marin does not contest that he transported aliens who were in the country illegally, or that he knew or acted with reckless disregard of the fact that the aliens were in the country illegally.  He takes issue only with the sufficiency of the evidence in support of the fourth element--that he acted to help the aliens remain in the country illegally.  Our review of the record leads us to conclude that the evidence was sufficient to establish this element of the crime, and therefore sustain the jury's finding of guilt.

We therefore affirm Martinez-Marin's conviction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 3 -