**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4869**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSE BARAJAS-MONTOYA,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:06-cr-00105-LMB)

Submitted: March 9, 2007          Decided: April 11, 2007

Before WILKINSON and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

David J. Kiyonaga, Alexandria, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Patricia T. Giles, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Jose Barajas-Montoya ("Barajas") of one count of illegally transporting illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) (2000). On appeal, Barajas claims the evidence was insufficient to support the conviction because he did not know the persons he was transporting were illegal aliens. We affirm the conviction and sentence.

In a claim of insufficient evidence, the jury's verdict must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it. See Glasser v. United States, 315 U.S. 60, 80 (1942). We define substantial evidence as evidence that a reasonable factfinder could accept as adequate and sufficient to support a conclusion of guilt beyond a reasonable doubt. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005), cert. denied, 126 S. Ct. 1925 (2006). We must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). We do not review credibility determinations on appeal. See Glasser, 315 U.S. at 80.

The elements of a § 1324(a)(1)(A)(ii) violation are "(1) the transporting or moving of an alien within the United States, (2) that the alien was present in violation of law, (3) that the defendant was aware of the alien's status, and

(4) that the defendant acted willfully in furtherance of the alien's violation of the law." United States v. Barajas-Chavez, 162 F.3d 1285, 1287 (10th Cir. 1999). Awareness of illegal status can be shown by actual knowledge or reckless disregard for the fact that the aliens were in the country illegally. United States v. Nolasco-Rosas, 286 F.3d 762, 765 (5th Cir. 2002). It is only the third element that Barajas challenges.

Evidence showed Barajas was with some or all the illegal aliens for about twenty-seven hours. The evidence also showed no one except for one passenger had any luggage. The passengers were dirty and smelled. In addition, the passengers spoke Spanish and discussed within Barajas's earshot about their illegal entry into the United States, including the use of "coyotes". Barajas's partner questioned one person about police presence at a drop-off point. If Barajas did not have actual knowledge of his passengers' illegal status, the evidence supports the finding he was deliberately indifferent to the facts, which showed a high probability that the passengers were illegal aliens. See United States v. Zlatogur, 271 F.3d 1025, 1029 (11th Cir. 2001) (defining reckless disregard in relation to transporting illegal aliens).

Accordingly, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED