**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5240

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ESTEBAN GUERRERO-DAMIAN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Gerald Bruce Lee, District Judge. (1:06-cr-00255)

Submitted: July 31, 2007          Decided: August 15, 2007

Before WILKINSON and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Alan H. Yamamoto, Alexandria, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, David B. Goodhand, Patricia T. Giles, Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Esteban Guerrero-Damian appeals his conviction for transporting illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) (2000). On appeal, he argues that there was insufficient evidence to prove that he transported illegal aliens; and that the district court erred in permitting a witness to testify that he overhead a passenger tell the defendant that the passenger had illegally entered the United States. Finding no error, we affirm.

Guerrero-Damian argues that there was insufficient evidence that he knew or acted in reckless disregard of the fact that the aliens entered or remained in the United States in violation of the law. This court reviews the district court's decision to deny a Fed. R. Crim. P. 29 motion de novo. United States v. Smith, 451 F.3d 209, 216 (4th Cir.), cert. denied, 127 S. Ct. 197 (2006). A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be confined to cases where the prosecution's failure is clear." United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984). In determining whether the evidence in the record is substantial, this court views the evidence in the light most favorable to the government, and inquires whether there is evidence that a

reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). In evaluating the sufficiency of the evidence, this court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the government. United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998).

The elements of a violation of § 1324(a)(1)(A)(ii) are "(1) the transporting or moving of an alien within the United States, (2) that the alien was present in violation of law, (3) that the defendant was aware of the alien's status, and (4) that the defendant acted willfully in furtherance of the alien's violation of the law." United States v. Barajas-Chavez, 162 F.3d 1285, 1287 (10th Cir. 1999). Guerrero-Damian does not contest that he transported aliens who were in the country illegally, or that he acted to help the aliens remain in the country illegally. The parties stipulated that all seven passengers who were stopped in the van in Virginia were illegal. He takes issue only with the sufficiency of the evidence that he knew or acted with reckless disregard of the fact that the aliens were in the country illegally. After reviewing the record, we

conclude that the evidence was sufficient to sustain Guerrero-Damian's conviction.

Next, Guerrero-Damian argues that the district court erred in admitting the testimony of Government witness Chapeton Flores that he overheard another passenger who got off the van in Alabama tell Guerrero-Damian that he was from Mexico and he had entered the United States illegally because it was hearsay. The Government argued that the evidence was not hearsay because it was not being offered for the truth of the matter, but rather for the effect on the listener. Alternatively, the Government argued that the statement the passenger made to Guerrero-Damian would constitute a statement against interest, an exception to the hearsay rule. The district court overruled Guerrero-Damian's objection without explanation. This court reviews evidentiary rulings for an abuse of discretion. United States v. Cooper, 482 F.3d 658, 662-63 (4th Cir. 2007).

Guerrero-Damian contends that the Government never demonstrated what effect the conversation would have had on him, and that therefore the Government was offering the statement for the truth of the matter to show that he was aware that his passengers were aliens. A statement offered for a purpose other than to prove the truth of the assertion contained within the statement is not inadmissible hearsay. See Fed. R. Evid. 801(c); United States v. Pratt, 239 F.3d 640, 643-44 (4th Cir. 2001). A

- 4 -

statement is not hearsay if it is offered to prove knowledge, or show the effect on the listener or listener's state of mind. United States v. Safari, 849 F.2d 891, 894 (4th Cir. 1988).

Guerrero-Damian also disputes that the passenger's statement was a statement against interest. Fed. R. Evid. 804(b)(3) provides an exception for statements "tending to expose the declarant to criminal liability and offered to exculpate the accused." Rule 804(b)(3) also provides that "[a] statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement." Fed. R. Evid. 804(b)(3) (emphasis added). Guerrero-Damian specifically contends that the statement was not sufficiently trustworthy to be admissible as a statement against interest, relying on United States v. Bumpass, 60 F.3d 1099, 1101-02 (4th Cir. 1995) (noting a statement is inadmissible under Rule 804(b) if (1) the speaker is unavailable; (2) the statement is actually adverse to the speaker's penal interest; and (3) "corroborating circumstances clearly indicate the trustworthiness of the statements"). However, the corroborating circumstances to establish trustworthiness are only required if the statement is offered to exculpate the accused. That is not the case with the passenger's statement. We find that the district

court did not err in admitting the disputed statement on either ground.

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>