FILED
United States Court of Appeals
Tenth Circuit

January 30, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JEREMIAH VAUGHN GREGORY, a/k/a
Jeremiah Gregory, a/k/a Jeremy Gregory,
a/k/a Jay Vaughn Gregory,

Defendant - Appellant.

No. 08-1187
(D. Ct. No. 1:07-CR-00131-EWN-1)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has

determined unanimously that oral argument would not be of material assistance in the

determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The

case is therefore ordered submitted without oral argument.

Defendant-Appellant Jeremiah Vaughn Gregory, Jr. appeals his conviction for

assaulting a federal correctional officer in violation of 18 U.S.C. § 111(a)(1) and (b).

Appearing pro se, as he did at his trial, Mr. Gregory contends he was not permitted to

_____

[*]This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

present his defense theory—namely, that his actions were justified as an act of war—to the jury. We have jurisdiction under 28 U.S.C. § 1291, and we AFFIRM.

## I. BACKGROUND

Mr. Gregory is a self-described "outlaw revolutionary combatant in the Great Aryan Revolution." Since 1983, he has been a member of a radical white supremacist organization called The Order. The organization's agenda is to destabilize the United States government with the intent of establishing an all-white nation in five western states. In furtherance of those objectives, Mr. Gregory robbed a bank in Montana and a bank in Utah. He was convicted of the robberies in the United States District Court for the District of Montana and the District of Utah and was ultimately sentenced to two consecutive terms of 240 months' imprisonment.[1]

While he was incarcerated at the United States Penitentiary in Florence, Colorado ("USP-Florence"), Mr. Gregory threw a scalding hot mixture of floor wax and water into the face of Federal Correctional Officer Mark Robles. The next day, and after being advised of and waiving his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), Mr. Gregory gave a detailed confession to two FBI agents. He was subsequently charged with assault under 18 U.S.C. § 111(a)(1) and (b). Mr. Gregory represented himself at trial, and he and the FBI agents testified to the following facts.

Shortly after arriving at USP-Florence, Mr. Gregory secured a job in the kitchen

---

[1]Mr. Gregory represented himself at his trial in the District of Utah, as well as in his subsequent appeal to this court. We affirmed his conviction. *United States v. Gregory*, 275 Fed. Appx. 784 (10th Cir. Apr. 28, 2008).

"for a very specific reason"—a "plan." Specifically, he wanted access to "important" people who would come into the officers' mess hall to eat so that he could attack them and "try to kill as many of them as he could." To this end, he secured the staff's trust and was "pretty much" able to have access to anything he wanted.

While working in the kitchen, Mr. Gregory learned that Congressman Joel Hefley and his staff were scheduled to visit USP-Florence and eat in the mess hall on August 10, 2006. Mr. Gregory testified that he went to work that day "ready to put a plan into action." He told the jury that he had obtained "a gallon of grease stripper . . . an unbelievably caustic chemical that is used to clean industrial ovens." He testified that he filled a crock pot-type device with the grease stripper and turned it on high to get it to a full boil. The plan was to splash the boiling liquid on the group and then use a multipurpose kitchen knife and a broken broom handle to stab and kill them. Mr. Gregory testified that the plan was thwarted when an outbreak of the chicken pox resulted in him being recalled to his cell.

Mr. Gregory testified that he had to create a "secondary plan." He targeted Officer Robles because he was the most senior federal government employee with whom Mr. Gregory had contact. Knowing that Officer Robles smoked a cigarette every day around 3:20 p.m. in a small room between the housing unit and prison yard, Mr. Gregory planned the attack accordingly. On August 15, 2006, just after 3:00 p.m., Mr. Gregory poured floor wax and water into two thermal cups and microwaved them for eight minutes. He also secured a tube-shaped fluorescent light bulb. Mr. Gregory planned to follow Officer

- 3 -

Robles to the small room, throw the liquid in his face in an attempt to blind him, trap him inside the room, and stab him to death with the broken light bulb. Mr. Gregory only succeeded, however, in throwing the scalding mixture in Officer Robles's face. Officer Robles was able to escape through another door in the room that had accidentally been left unlocked by another prison employee. He suffered first- and second-degree burns to his face and neck, and the liquid also melted the lenses of his glasses.

After hearing the evidence, the jury returned a guilty verdict. The district court sentenced Mr. Gregory to the statutory maximum of 240 months' imprisonment, to be served consecutively to the 480 months he was serving for the two bank robbery convictions.

## II.  DISCUSSION

There is no dispute that Mr. Gregory committed assault under 18 U.S.C. § 111. Indeed, he admitted to the crime in his confession to the FBI agents, during direct and cross examination at trial, and in his brief on appeal. Rather, he contends that the district court erroneously refused to present his theory of the defense to the jury. Specifically, he sought to elicit testimony that he is a member of The Order and, as such, is at war with the United States. According to Mr. Gregory, his attack on Officer Robles was justified as an act of war, which places his actions outside the criminal definition of assault. The district court ruled that this theory was neither a legal nor factual defense to the crime charged and prohibited Mr. Gregory from testifying or questioning witnesses about it.

We review the district court's exclusion of evidence that would support Mr.

Gregory's justification theory for an abuse of discretion. *See United States v. Jordan*, 485

F.3d 1214, 1218 (10th Cir. 2007). We have held that a justification defense to assault

under 18 U.S.C. § 111 requires:

> (1) that defendant was under an unlawful and present, imminent, and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury;
> (2) that defendant had not recklessly or negligently placed himself in a situation in which it was probable that he would be forced to choose the criminal conduct;
> (3) that defendant had no reasonable, legal alternative to violating the law, a chance both to refuse to do the criminal act and also to avoid the threatened harm; and
> (4) that a direct causal relationship may be reasonably anticipated between the criminal action taken and the avoidance of the threatened harm.

*United States v. Jones*, 254 Fed. Appx. 711, 721 (10th Cir. Nov. 7, 2007). Mr. Gregory's

characterization of the attack as an act of war does not change the fact that Mr. Gregory

planned the attack, which was also unprovoked as a matter of law. The facts and

evidence he wished to elicit at trial have no bearing on the standard to invoke a

justification defense. Thus, the district court did not err in prohibiting Mr. Gregory from

presenting that defense theory.[2]

---

[2]We note that we rejected a similar argument from Mr. Gregory in his direct appeal from his robbery conviction. *See Gregory*, 275 Fed. Appx. at 787–88.

### III.  CONCLUSION

For the foregoing reasons, we AFFIRM Mr. Gregory's conviction.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge