**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 2, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

CHESTER RANDALL, JR.,

      Defendant-Appellant.

No. 11-3257

_____

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. No. 6:07-CR-10143-JTM-6)**
_____

Chester Randall, Jr., pro se.

_____

Before **ANDERSON** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.[*]

_____

**BALDOCK**, Circuit Judge.

_____

A federal jury convicted Defendant of conspiracy to participate in a racketeer

influenced and corrupt organization, in violation of 18 U.S.C. § 1962(d). The district

court sentenced Defendant in May 2010. Defendant's prior convictions yielded six

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

criminal history points. The sentencing guidelines imposed an additional criminal history point because Defendant "committed the instant offense less than two years after release from imprisonment" on a qualifying sentence.[1] U.S.S.G. § 4A1.1(e) (2009). This additional criminal history point raised Defendant from criminal history category III to category IV. Based on an offense level of 19, Defendant's guideline range was 46 to 57 months under criminal history category IV. His range would have been 37 to 46 months under category III. The district court sentenced Defendant to 46 months, the low end of the applicable guideline range. Defendant's counsel filed a notice of appeal from Defendant's conviction and sentence within the fourteen-day filing period. See Fed. R. App. P. 4(b)(1)(A). This court affirmed Defendant's direct appeal on November 1, 2011. United States v. Randall, --- F.3d ---, 2011 WL 5148862 (10th Cir. 2011).

Meanwhile, Amendment 742 to the sentencing guidelines took effect in November 2010. U.S.S.G. App. C, amend. 742 (effective Nov. 1, 2010). Amendment 742 eliminated recency points under § 4A1.1. Three weeks later, Defendant filed a *pro se* "Motion to Modify Sentence Pending Appeal." Defendant argued that Amendment 742 should be applied retroactively to reduce his sentence to 37 months.[2] Although

---

[1] Defendant received one recency point, rather than two, because he had already received a two-point increase under § 4A1.1(d) for committing the offense while on parole. See U.S.S.G. § 4A1.1(e) (2009).

[2] Defendant referred in his motion to "Amendment 5," but the district court recognized that Defendant was actually referring to Amendment 742. Amendment 742 was the fifth amendment listed in the sentencing commission's May 2010 submission to Congress, which may explain Defendant's confusion. See U.S. Sentencing Commission, "Amendments to the Sentencing Guidelines, May 3, 2010," http://www.ussc.gov/Legal/ Amendments/Reader-Friendly/20100503_RFP_Amendments.pdf

Defendant did not reference the statute, 18 U.S.C. § 3582(c)(2) allows a motion to modify a sentence when a defendant's sentencing range "has subsequently been lowered by the Sentencing Commission." The district court concluded, however, that it had no jurisdiction to consider Defendant's motion because his notice of appeal from his conviction divested the court of jurisdiction over the case. The court cited United States v. Disasio, 820 F.2d 20, 23 (1st Cir. 1987), which said "the sentencing court is without jurisdiction to rule on a motion for reduction of sentence once a notice of appeal has been docketed." The district court also concluded that, even if no appeal were pending, it would have no authority to reduce Defendant's sentence. This was because "[a] guideline amendment is applied retroactively only when it has been specifically listed among the retroactive amendments identified in USSG § 1B1.10(c)," and Amendment 742 is not listed in § 1B1.10(c).

The district court entered its order denying Defendant's motion to modify his sentence on January 6, 2011. Defendant moved for reconsideration of that order on March 16, 2011. Defendant argued the motion to modify sentence was not related to his earlier appeal. He also argued the court was wrong to conclude that he "cannot challenge some aspects of his Sentence here while simultaneously attacking other aspects of his sentence in the Court of Appeals." On August 1, 2011, the district court entered an order denying Defendant's motion for reconsideration because "it simply offers a repetition of the arguments previously addressed to, and rejected by, the court." The district court did not discuss the timeliness of Defendant's motion. On August 29, 2011, Defendant filed a notice of appeal, which said, "Comes now defendant to notice this court that I am filing

an appeal of this court's <u>Memorandum And Order</u> of 29 July, 2011; received on 15 Aug, 2011."[3]

Defendant's appeal is now before us for review.[4] The first question we address is whether Defendant timely filed his notice of appeal to this court. If so, the second question is whether the district court properly denied Defendant's motion for reconsideration. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I.

We construe Defendant's motion for modification of his sentence as a motion brought under 18 U.S.C. § 3582(c)(2). The motion therefore addresses a criminal matter, the appeal of which is governed by Fed. R. App. P. 4(b). <u>United States v. Espinosa-Talamantes</u>, 319 F.3d 1245, 1246 (10th Cir. 2003). A criminal defendant must file a notice of appeal within fourteen days of the judgment or order being appealed. Fed. R. App. P. 4(b)(1)(A). Unlike in civil cases, a timely appeal in a criminal case is not jurisdictional, but rather an "inflexible claim-processing rule." <u>United States v. Garduño</u>, 506 F.3d 1287, 1291 (10th Cir. 2007). Thus, a criminal defendant's failure to file a timely notice of appeal does not deprive us of jurisdiction. Nevertheless, "the time bar in

---

[3] Although the district court's order was dated July 29, 2011, it was entered on August 1, 2011, which is when the fourteen-day period for filing a notice of appeal began to run. Fed. R. App. P. 4(b)(A)(i).

[4] The clerk of this Court instructed Defendant to file a certificate of appealability along with his appeal in the event we classified this case as one brought under 28 U.S.C. § 2255. An appeal can only be taken from a final order in a § 2255 proceeding if we issue a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). This case, however, addresses a motion under 18 U.S.C. § 3582, which is distinct from a § 2255 claim. <u>United States v. Chavez-Salais</u>, 337 F.3d 1170 (10th Cir. 2003). Thus, no certificate of appealability is required.

- 4 -

Rule 4(b) must be enforced by this court when properly invoked by the government." United States v. Mitchell, 518 F.3d 740, 744 (10th Cir. 2008). We may raise Rule 4(b)'s time bar *sua sponte*, but this power "is limited and should not be invoked when judicial resources and administration are not implicated and the delay has not been inordinate." Id. at 750.

Here, Defendant filed his notice of appeal on August 29, 2011, twenty-eight days after the district court entered its order denying the motion for reconsideration on August 1, 2011. The notice was therefore untimely.[5] Nevertheless, an untimely notice of appeal does not always require dismissal. Rule 4(b) allows a district court to extend the filing period for an additional thirty days "[u]pon a finding of excusable neglect or good cause." Fed. R. App. P. 4(b)(4). Defendant did not request an extension, but "a defendant who filed his notice of appeal within the Rule 4(b) thirty-day extension period may obtain relief by showing excusable neglect notwithstanding his failure to file a motion seeking such relief within that same time frame." United States v. McMillan, 106 F.3d 322, 324 (10th Cir. 1997). "In most cases, the appropriate remedy is to remand the case to the district court so that the court can determine if the requisite showing for a thirty-day extension of time can be made." Espinosa-Talamantes, 319 F.3d at 1246. Defendant stated in his notice of appeal that he received the order denying his motion to

---

[5] The Government did not file a response brief in this appeal because Defendant filed an application for a certificate of appealability. See supra n. 4. Under Tenth Circuit Rule 22.1, the Government is instructed not to file a brief in response to an application for a certificate of appealability until requested to do so by the Court. 10th Cir. R. 22.1. Consequently, the Government had no opportunity to raise the untimeliness of Defendant's appeal.

reconsider on August 15, 2011, the day Rule 4(b)'s fourteen-day time period expired.  If this statement is true, Defendant may be able to show good cause for his delay.  Because Rule 4(b) is not jurisdictional, we exercise our discretion to consider Defendant's appeal. Mitchell, 518 F.3d at 751.  Therefore, we need not remand for a determination of whether Defendant had good cause for delay.

II.

The district court denied Defendant's motion for reconsideration because Defendant failed to show grounds for reconsideration, such as a change of controlling law or clear error.  See Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). We review the district court's denial of a motion for reconsideration for abuse of discretion.  United States v. Barajas-Chavez, 358 F.3d 1263, 1266 (10th Cir. 2004).  We affirm the district court's decision, but on a different basis.

Although the Federal Rules of Criminal Procedure do not authorize a motion for reconsideration, "motions to reconsider in criminal prosecutions are proper."  United States v. Rollins, 607 F.3d 500, 502 (7th Cir. 2010).  The Supreme Court has recognized motions for reconsideration in criminal proceedings at least since United States v. Healy, 376 U.S. 75, 77–78 (1964).  The Court has subsequently noted the "wisdom of giving district courts the opportunity promptly to correct their own alleged errors."  United States v. Dieter, 429 U.S. 6, 8 (1976).  Although the Supreme Court has only addressed motions to reconsider filed by the Government, we have recognized that criminal defendants may also move for reconsideration.  See United States v. Miller, 869 F.2d 1418, 1421 (10th Cir. 1989).

- 6 -

Motions for reconsideration, however, cannot be brought at simply any time. If they could, criminal proceedings might never end. Because motions to reconsider in criminal cases are not grounded in a rule or statute, the time limits are not well established. Our circuit has only addressed the timeliness of a motion to reconsider in one case. In Miller, the district court denied a defendant's motion for new trial under Fed. R. Crim. P. 33. Miller, 869 F.2d at 1419. A year and a half later, the defendant moved to reconsider the denial of the Rule 33 motion, and the district court granted a new trial. Id. We held that "a motion to reconsider the denial of a new trial under Fed. R. Crim. P. 33" must be filed within the time allotted for appeal under Fed. R. App. P. 4(b). Although Miller's holding does not address the facts of this case, it undoubtedly supports our conclusion that we must set time limits on a motion to reconsider a court's decision on a § 3582(c)(2) motion.

The Fourth Circuit addressed a case similar to this one where a prisoner moved to modify his sentence under 18 U.S.C. § 3582(c)(2). United States v. Goodwyn, 596 F.3d 233 (4th Cir. 2010). The district court granted the defendant's motion in part, and reduced Defendant's sentence by twenty-four months. Id. at 234. Almost eight months later, the defendant asked for a further reduction. Id. The district court construed this request as a motion for reconsideration, which it granted, and the court reduced the defendant's sentence an additional twenty-four months. Id. The Fourth Circuit held that the district court had no authority to grant the second sentence reduction. The court said:

> When the Sentencing Commission reduces the Guidelines range applicable
> to a prisoner's sentence, the prisoner has an opportunity pursuant to
> § 3582(c)(2) to persuade the district court to modify his sentence. If the

result does not satisfy him, he may timely appeal it. But he may not, almost eight months later, ask the district court to reconsider its decision.

Id. at 236.

The Seventh Circuit considered a similar situation in United States v. Redd, 630 F.3d 649 (7th Cir. 2011). There, the district court granted a motion under § 3582(c)(2) and reduced the defendant's sentence by seventy-eight months. Id. at 650. Ten months later, the defendant moved for reconsideration of the district court's decision. The Seventh circuit held that "[o]nly a motion filed within the time for appeal acts as a genuine request for reconsideration." Id. We agree with the Fourth and Seventh Circuits, and hold that a motion for reconsideration of the denial of a § 3582(c)(2) motion must be brought within the time for appeal.

The same considerations that justify limiting the time to appeal—such as judicial efficiency and the finality of criminal sentences—also justify limiting the time to seek reconsideration in the district court. Mitchell, 518 F.3d at 747. If legitimate grounds for setting aside a conviction or sentence arise within a year, they can be brought under 28 U.S.C. § 2255. But a district court's ruling on a § 3582(c)(2) motion should not be open for reconsideration indefinitely. If it were, defendants could circumvent Rule 4(b). A defendant who received an adverse order could let the time to appeal pass, but later move for reconsideration. Thus, the defendant could appeal the court's decision on the reconsideration motion and thereby obtain appellate review of the original order, despite

failing to comply with Rule 4(b).[6]  This would essentially negate Rule 4(b)'s requirement of a timely appeal.  Thus, a motion to reconsider an order granting or denying a sentence modification under § 3582(c)(2) must be brought within the time granted to appeal that order.  Here, the district court entered its order on January 6, 2011.  Defendant filed his motion for reconsideration on March 16, 2011, fifty-five days after the period for appeal ended on January 20, 2011.  Because Defendant's motion to reconsider was untimely, the district court properly denied the motion.[7]

AFFIRMED.

---

[6] We review both the denial of a § 3582(c)(2) motion and the denial of a motion for reconsideration for abuse of discretion.  United States v. Sharkey, 543 F.3d 1236, 1238 (10th Cir. 2008); Barajas-Chavez, 358 F.3d at 1266.

[7] Defendant's motion was also untimely under the district court's local rules, although the district court did not address timeliness.  The District of Kansas specifically requires motions to reconsider non-dispositive orders to be filed "within 14 days after the order is filed unless the court extends the time."  D. Kan. R. 7.3(b).