**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 26, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ADONEUS JOHNSON,

      Defendant-Appellant.

No. 13-2206
(D.C. No. 1:06-CR-01024-WJ-1)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **ANDERSON** and **BRORBY**, Senior Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

The defendant, Adoneus Johnson, has appealed the district court's denial of his motion to reduce his sentence pursuant to 18 U.S.C. § 3582. Included in the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

government's appellate arguments is an assertion that the appeal should be dismissed as untimely. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291 and dismiss the appeal.

## I. BACKGROUND

In September of 2008, Johnson entered into a plea agreement with the government, which, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), stated he would receive a sentence of thirteen years. The district court accepted the agreement and sentenced Johnson to thirteen years, which equates to 156 months. On February 4, 2013, Johnson filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court issued an order denying Johnson's motion on June 14, 2013. Johnson filed a motion for reconsideration on September 20, 2013. The government objected to the motion, but did not argue the motion was untimely. The district court denied Johnson's motion for reconsideration on November 14, 2013. Eight days later, Johnson filed his notice of appeal.

## II. ANALYSIS

In this appeal, Johnson objects only to the district court's denial of his initial motion to reduce his sentence; he does not contest the district court's denial of his motion for reconsideration. In its response brief, the government argues that we should dismiss this appeal as untimely because Johnson did not file his notice of appeal within fourteen days of "the entry of either the judgment or the order being appealed." Fed. R. App. P. 4(b)(1)(i). Although timely motions for reconsideration extend the time for filing a notice

2

of appeal, Johnson did not file his motion for reconsideration within the time required by United States v. Randall, 666 F.3d 1238, 1243 (10th Cir. 2011). The government thus contends that this untimely motion for reconsideration did not extend the time for Johnson to appeal his initial motion. Johnson acknowledges that his motion for reconsideration was untimely, but he opposes dismissal of this appeal because Federal Rule of Appellate Procedure 4(b) is not jurisdictional, but instead is a claim-processing rule that can be waived. Johnson argues the government waived its objection to the timeliness of this appeal by failing to raise the timeliness of Johnson's motion for reconsideration before the district court.

We reject Johnson's argument that failing to object to the timeliness of a motion for reconsideration before the district court bars the government from raising an otherwise proper timeliness objection to the notice of appeal. Although Rule 4(b) is not jurisdictional, we have previously held that it "must be enforced by this court when properly invoked by the government." United States v. Mitchell, 518 F.3d 740, 744 (10th Cir. 2008). The question presented here is when the government must raise the issue for it to be "properly invoked." In Mitchell, we declined to enforce Rule 4(b) because "the government never objected to the untimeliness of Mitchell's notice of appeal and, as a result, forfeited its opportunity to ensure enforcement of the rule." 518 F.3d at 744. Here, however, the government *has* objected to the untimeliness of Johnson's notice of appeal by raising the issue in its response brief. We conclude that is sufficient for the government to properly invoke Rule 4(b).

3

We DISMISS the appeal as untimely.

Entered for the Court


Mary Beck Briscoe
Chief Judge