FILED
United States Court of Appeals
Tenth Circuit

November 12, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

OMAR FRANCISCO
ORDUNO-RAMIREZ,

    Defendant - Appellant.

No. 15-3195
(D.C. No. 2:14-CR-20096-JAR-7)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **LUCERO**, and **GORSUCH**, Circuit Judges.

Defendant Omar Francisco Orduno-Ramirez appeals the district court's order

denying his motion to reopen his detention hearing under 18 U.S.C. § 3142(f).  For

the reasons that follow, we affirm the district court's order.

**I.  Background**

Defendant was charged with numerous drug-related crimes in a

multi-defendant indictment in the United States District Court for the District of

---

[*] This panel has determined unanimously to grant the parties' request for a
decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R.
34.1(G).  The case is therefore ordered submitted without oral argument.  This order
and judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.  It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Kansas. Defendant sought release pending trial, which is set for April 2016. The magistrate judge held a detention hearing and ordered his release subject to electronic monitoring and a curfew. The release order was stayed upon the government's motion.

After an extensive hearing, the district court found by a preponderance of the evidence that Defendant failed to rebut the presumption that no conditions would reasonably assure his appearance and found by clear and convincing evidence that no conditions would reasonably assure the community's safety. The court therefore ordered that Defendant be detained pending trial. Defendant did not appeal from that decision. Six months later, Defendant filed a motion to reopen his detention hearing pursuant to 18 U.S.C. § 3142(f). The district court denied the motion after finding that Defendant did not offer any new information that was unavailable at the time of the detention hearing and, even if it was new, the information would not materially change the court's earlier findings. Defendant now appeals.

## II. Discussion

In his memorandum brief, Defendant states that he "appeals from the Court's *decisions* denying him pretrial release." Aplt. Mem. Br. at 5 (emphasis added). But in the notice of appeal, Defendant appealed only his "motion for reconsideration of revocation of [release]." Aplee. Supp. App. at 1. We will therefore not review the merits of the district court's initial detention decision. *See* Fed. R. App. P. 3(c)(1)(B) (providing that notice of appeal must "designate the judgment, order, or part thereof

- 2 -

being appealed"); *Cunico v. Pueblo Sch. Dist. No. 60*, 917 F.2d 431, 444 (10th Cir. 1990) ("Our appellate review is limited to final judgments or parts thereof that are designated in the notice of appeal.").

Even if the notice of appeal were to be construed to include the initial detention decision, *see Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1164 n.9 (10th Cir. 2010), an appeal from that decision would be untimely as that order was entered on January 23, 2015, *see* Fed. R. App. P. 4(b)(1)(A)(i) (requiring notice of appeal to be filed within 14 days after the order being appealed). As discussed below, Defendant's appeal from the denial of his motion to reopen was also untimely, but we find good reason to excuse Defendant's untimely appeal of that order. There is no similar basis to excuse the untimeliness of an appeal from the initial detention decision.

The district court issued the order being appealed on July 29, 2015. The notice of appeal was therefore due on August 12, 2015. *See id.* But Defendant's attorney did not give him a copy of the order until a meeting on August 13, 2015—one day after the filing deadline.

On August 17, 2015, Defendant mailed a pro se notice of appeal from the prison. It was postmarked on August 20, 2015, and filed on August 24, 2015. Defendant did not ask for, and the district court did not grant, a thirty-day extension to file his notice of appeal. *See* Fed. R. App. P. 4(b)(4) ("Upon a finding of excusable neglect or good cause, the district court may—before or after the time has

expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).").

A timely appeal in a criminal case is not jurisdictional but rather is an "inflexible claim-processing rule[]." *United States v. Garduño*, 506 F.3d 1287, 1290–91 (10th Cir. 2007) (internal quotation marks omitted). "Thus, a criminal defendant's failure to file a timely notice of appeal does not deprive us of jurisdiction." *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011); *see also United States v. Mitchell*, 518 F.3d 740, 744 (10th Cir. 2008) (explaining that dismissal based on a defendant's failure to file a timely notice of appeal "is no longer mandatory and jurisdictional" since *Garduño*).

Defendant's counsel did not provide him with a copy of the order being appealed until the day after the deadline to file a notice of appeal had passed. His predicament therefore resembles the situation in *Randall*. The defendant in *Randall* stated he did not receive the order being appealed until the day of the deadline to file a notice of appeal. 666 F.3d at 1241. Assuming that was indeed so, we acknowledged he might be able to show good cause for his delay if we remanded the matter for the district court to determine whether a thirty-day extension was appropriate under Rule 4(b)(4). *Id.* But we did not take that extra step, opting

instead to exercise our discretion to consider the appeal. *Id.* We follow the same course here.[1]

Although we exercise our discretion to consider Defendant's appeal, he fails to address in his brief how the district court erred in denying his motion to reopen the detention hearing. Instead, his brief focuses on alleged errors in the district court's findings used to support the court's initial detention decision. But, as addressed above, that decision is not before us. The government asserts that Defendant's appeal of the relevant order fails because it has not been adequately briefed. We agree. As we have explained, "[i]ssues will be deemed waived if they are not adequately briefed." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) (internal quotation marks omitted).

## III. Conclusion

We affirm the district court's order denying Defendant's motion to reopen his detention hearing.

Entered for the Court
Per Curiam

---

[1] The government initially filed a motion to dismiss the appeal as untimely. Upon learning that Defendant's counsel did not provide him with a copy of the order until after the deadline to file an appeal had passed, the government withdrew its motion.