FILED
United States Court of Appeals
Tenth Circuit

June 21, 2017

Elisabeth A. Shumaker
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

JUAN MANUEL ORTIZ FERNANDEZ,
a/k/a Pelon, a/k/a Juan Jose Reyes, a/k/a
Juan Manuel Ortiz,

     Defendant - Appellant.

No. 17-3012
(D.C. No. 6:09-CR-10132-EFM-8)
(D. Kan.)

## ORDER AND JUDGMENT[1]

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.

     Defendant Juan Manuel Ortiz Fernandez pled guilty to four counts of unlawful use

of a communication facility and one count of possession with intent to distribute

methamphetamine in excess of 500 grams.  Defendant was sentenced to 120 months'

imprisonment for the drug conviction—the statutory mandatory minimum—and

---

[1] After examining the briefs and appellate record, this panel agrees that oral
argument would not materially assist in the determination of this appeal.  *See* Fed. R.
App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without
oral argument.  This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

48 months' imprisonment for each count of unlawful use of a communication facility. All sentences were to run concurrently with each other.

On November 17, 2016, Defendant filed a pro se motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), which provides that a district court may reduce a sentence previously imposed "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The very next day, the district court denied the motion because "[t]he defendant was sentenced to the minimum sentence permitted by law so no further reduction in sentence is legally allowable." (R. Vol. I at 104.) Defendant filed a motion to appeal, which we've construed as a notice of appeal, on January 24, 2017.

Because Defendant's notice of appeal was untimely, we must dismiss this appeal. "[A] § 3582(c)(2) motion is a continuation of the prior criminal proceeding." *United States v. Espinosa-Talamantes*, 319 F.3d 1245, 1246 (10th Cir. 2003). As such, a defendant ordinarily must file his notice of appeal from the denial of a § 3582(c)(2) motion within fourteen days of the judgment or order being appealed. *United States v. Randall*, 666 F.3d 1238, 1240–41 (10th Cir. 2011) (citing Fed. R. App. P. 4(b)(1)(A)). "Unlike in civil cases, a timely appeal in a criminal case is not jurisdictional, but rather an inflexible claim-processing rule. Thus, a criminal defendant's failure to file a timely notice of appeal does not deprive us of jurisdiction. Nevertheless, the time bar in Rule 4(b) *must be enforced* by this court when properly invoked by the government." *Id.* at 1241 (internal citations and quotation marks omitted) (emphasis added).

The district court denied Defendant's motion on November 18, 2016, so Defendant had until December 2, 2016, to file his notice of appeal (or deposit it with the penal institution's internal mail system). The envelope containing Defendant's notice of appeal was postmarked January 17, 2017 and received on January 24, 2017. Defendant did not seek an extension of time to file the appeal under Fed. R. App. P. 4(b)(4). Nor has Defendant attempted to explain his tardiness. Because the government timely objected to Defendant's late notice of appeal, this court is bound to dismiss the appeal. *See United States v. Garduno*, 506 F.3d 1287, 1292 (10th Cir. 2007).[2] Accordingly, the appeal is **DISMISSED**, and the order denying Defendant's § 3582(c)(2) motion is **AFFIRMED**.

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[2] We note that, even if Defendant had timely appealed, we could not grant him the relief he seeks. "[A] district court is authorized to reduce a sentence under § 3582(c)(2) *only if* the defendant was originally sentenced to a term of imprisonment *based on a sentencing range* that has subsequently been lowered by the Sentencing Commission." *United States v. White*, 765 F.3d 1240, 1246 (10th Cir. 2014) (quotation marks omitted). As the district court explained, Defendant's sentence was "based on" the statute establishing the mandatory minimum, not the Sentencing Guidelines.