FILED
United States Court of Appeals
Tenth Circuit

January 6, 2022

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BRANDIS NICOLE FISH,

    Defendant - Appellant.

No. 21-7044
(D.C. No. 6:20-CR-00021-RAW-1)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BACHARACH**, **MURPHY**, and **CARSON**, Circuit Judges.

---

After examining the briefs and appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). Accordingly, we order the case submitted without oral argument.

Brandis Nicole Fish filed an 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release. The district court denied the motion on July 10, 2021.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Thirty days later, on August 9, 2021, Fish filed in the district court a motion to reconsider the denial of her § 3582(c)(1)(A) motion. After the district court denied her motion to reconsider, Fish filed the instant appeal. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **affirms** the order of the district court denying Fish's motion for reconsideration.

This court reviews the denial of a motion for reconsideration for abuse of discretion.[1] *United States v. Barajas-Chavez*, 358 F.3d 1263, 1266 (10th Cir. 2004). The Federal Rules of Criminal Procedure do not authorize motions for reconsideration. *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011). Such motions are proper, however, whether filed by a defendant or the government. *Id.* at 1242. Because such motions are not based in the Federal Rules of Criminal procedure, no rule specifies a time limit within which they must be brought. *Id.* Noting the serious problems that would inhere in allowing an unlimited time period for the filing of such motions, this court has held that motions for reconsideration in criminal proceedings must be brought within fourteen days, the outer limit for the filing of a notice of appeal in a criminal proceeding. *Id.* at 1241-43; *see also United States v. Heath*, 846 F. App'x 725, 727-28 (10th Cir. 2021) (unpublished disposition cited solely for its persuasive

---

[1]Fish labeled her motion as a "Rule 60(b) Motion To Reconsider." Proceedings under § 3582(c) are, however, criminal in nature. *See United States v. McCalister*, 601 F.3d 1086, 1087 (10th Cir. 2010). Thus, the Federal Rules of Criminal Procedure, not the Federal Rules of Civil Procedure, apply. *See id.*

value) (applying the rule in *Randall* to § 3582(c)(1) proceedings).  Because Fish filed her motion for reconsideration far more than fourteen days after the district court denied her § 3582(c)(1)(A) motion, this court affirms the district court's denial for her motion for reconsideration.  *Randall*, 666 F.3d at 1241-43; *Heath*, 846 F. App'x at 727-28.

For those reasons set out above, the order of the district court denying Fish's motion for reconsideration is hereby **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge