FILED
**United States Court of Appeals**

**UNITED STATES COURT OF APPEALS**  Tenth Circuit

**FOR THE TENTH CIRCUIT**     **March 25, 2022**

—————————————————————— **Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

JOSHUA J. TINSLEY,

  Defendant - Appellant.

Nos. 21-2057 & 21-2075
(D.C. No. 1:18-CR-02634-WJ-1)
(D. N.M.)

——————————————————

**ORDER AND JUDGMENT**[*]
——————————————————

Before **BACHARACH**, **BRISCOE**, and **ROSSMAN**, Circuit Judges.
——————————————————

This appeal grew out of Mr. Joshua Tinsley's motion for

compassionate release. The district court denied the motion and a later

motion for reconsideration. Mr. Tinsley appeals the denial of his motion

for reconsideration, and we affirm.

———————————

[*]     Oral argument would not help us decide the appeal, so we have
decided the appeal based on the record and the parties' briefs. *See* Fed. R.
App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    Our order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value if
otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

**1.    We have jurisdiction and exercise it.**

The threshold issue involves our jurisdiction. This issue arises because Mr. Tinsley missed the 14-day deadline to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A). The district court denied an extension of time, prompting

- the government to move for dismissal and

- Mr. Tinsley to appeal the denial of an extension of time.

But the government has withdrawn its motion to dismiss the appeal, and the failure to timely appeal does not create a jurisdictional defect. *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011).

Though jurisdiction exists, we can dismiss the appeal when the government presses the delay. *Id.* But we generally do not dismiss the appeal in the absence of a motion to dismiss. *See id.* (stating that dismissal of a criminal appeal as untimely generally requires the government to assert the delay as a ground for dismissal). Because the government has withdrawn its motion to dismiss, we exercise our jurisdiction.

Given this exercise of jurisdiction, the district court's denial of an extension makes no difference, rendering the denial prudentially moot. So we dismiss Mr. Tinsley's appeal from the denial of an extension of time (Case No. 21-2075).

**2.    The district court declines to reconsider its denial of compassionate release.**

Mr. Tinsley was convicted of possessing more than 500 grams of methamphetamine with intent to distribute. The conviction carried a mandatory minimum of 120 months, and the guideline range was 324 to 405 months' imprisonment. Despite the stiff guideline range, the court sentenced Mr. Tinsley to only 120 months—a downward variance of 204 months.

Months after sentencing, a global outbreak of COVID-19 emerged. The emergence of COVID-19 led Mr. Tinsley to move for compassionate release on two grounds:

1.    He had sleep apnea, which made him susceptible to serious physical harm from COVID-19.

2.    His girlfriend's son had a degenerative bone condition, and the girlfriend had trouble caring for the boy and paying for a required operation.

The district court denied the motion for compassionate release, reasoning that

- Mr. Tinsley's reasons were not extraordinary and compelling,

- he continued to pose a danger to the public, and

- the statutory sentencing factors weighed against early release.

Mr. Tinsley sought reconsideration and presented extensive evidence of sleep apnea. The court denied the motion for reconsideration.

**3.     The denial of reconsideration fell within the district court's discretion.**

In considering the denial of reconsideration, we apply the abuse-of-discretion standard. *United States v. Warren*, 22 F.4th 917, 927 (10th Cir. 2022). The district court could grant reconsideration if

- the controlling law had changed,

- Mr. Tinsley had discovered new evidence, or

- the court had needed to correct a clear error or prevent manifest injustice.

*Id.*

We consider the availability of reconsideration against the backdrop of the standard for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). Under this standard, compassionate release is available only upon the satisfaction of three requirements:

1.     The defendant has presented an extraordinary and compelling reason for early release.

2.     Early release would be consistent with the Sentencing Commission's policy statements.

3.     Early release would be warranted under the statutory sentencing factors.

*United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021). The failure to satisfy any of these requirements would prevent early release. *United States v. Hald*, 8 F.4th 932, 941–47 (10th Cir. 2021).

Consideration of these requirements is discretionary in two respects. First, we apply the abuse–of–discretion standard to rulings on compassionate release. *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021). Second, irrespective of the standard in ruling on compassionate release, we review rulings on reconsideration only for an abuse of discretion. *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011). For these reasons, we apply the abuse–of–discretion standard to the district court's refusal to reconsider the denial of early release. *United States v. Warren*, 22 F.4th 917, 927 (10th Cir. 2022).

In denying reconsideration, the district court concluded that Mr. Tinsley had failed to satisfy any of the three requirements. We agree as to the first and third requirements: (1) the failure to show extraordinary, compelling reasons for early release and (2) the failure to justify early release based on the statutory sentencing factors.[1] In our view, the district court did not abuse its discretion in declining to reconsider the conclusions as to these two requirements.

When ruling on the motion for early release, the district court concluded that Mr. Tinsley's reasons for early release were not extraordinary and compelling. Mr. Tinsley had argued that (1) he was suffering from sleep apnea, rendering him vulnerable to complications if

---

[1]    We need not address the second requirement.

5

he were to catch COVID-19, and (2) early release was necessary for him to help his girlfriend care for her son, who had a degenerative bone condition. The district court concluded that these reasons were not extraordinary and compelling for two reasons:

1.  Sleep apnea: Mr. Tinsley had relied on a possible impediment to his ability to care for himself—not a current, substantial diminution in his ability to provide self–care. In addition, Mr. Tinsley had not provided documentary evidence of his diagnosis with sleep apnea.

2.  The bone condition of the girlfriend's son: The girlfriend was not a spouse or registered partner, Mr. Tinsley had not shown an inability of the girlfriend to care for her son, and Mr. Tinsley had committed many offenses—risking separation from the boy—knowing of the boy's bone condition.

When moving for reconsideration, Mr. Tinsley provided extensive documentation of his diagnosis with sleep apnea, argued that the district court had understated the extent of COVID-19 infections at his prison, and denied the existence of a requirement that he be married to the boy's primary caregiver. The district court rejected these arguments, concluding that

- it had not underestimated the extent of COVID-19 infections at Mr. Tinsley's prison,

- little information existed on the impact of sleep apnea on Mr. Tinsley's ability to provide self-care, and

- he had failed to show that he was the boy's primary caregiver.

These conclusions fell within the district court's discretion.

Mr. Tinsley's new evidence did not suggest a failure to recognize the extent of COVID-19 infections. The court pointed out that

- all of the COVID-19 cases at the prison had affected staff members and

- no inmate had been infected by COVID-19.

Nor did the new evidence affect the district court's consideration of sleep apnea. Mr. Tinsley presented extensive evidence of sleep apnea, but he did not show how it had affected his ability to provide self-care.

Finally, Mr. Tinsley did not justify reconsideration of the analysis involving the boy's bone condition. The court had not questioned Mr. Tinsley's concern for the boy. But the court had explained that

- the girlfriend appeared able to care for the boy and

- Mr. Tinsley committed many crimes, risking separation from the boy, with knowledge of the boy's bone condition.

Mr. Tinsley presents no reason to question the district court's explanation.

Though Mr. Tinsley does not address the district court's explanation, he argues on appeal that he was obese, increasing the risk of complications from COVID-19. But he did not raise obesity when moving for compassionate release or when seeking reconsideration. By omitting reliance on obesity in those motions, he forfeited reliance on his obesity. *See United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019).[2]

---

[2]    We typically consider forfeited arguments under the plain-error standard. *Leffler*, 942 F.3d at 1196. But Mr. Tinsley has not argued for

Even if Mr. Tinsley had undermined the finding of no extraordinary or compelling reasons for early release, the court independently relied on the statutory sentencing factors. Mr. Tinsley had downplayed the seriousness of prior marijuana convictions, argued that he had self-medicated with marijuana, and alleged racial targeting. In rejecting these arguments, the court reasoned that Mr. Tinsley had "a clear history of unlawfulness" and had already reduced his sentence exposure to the methamphetamine charge through his plea agreement. R. at 134. Mr. Tinsley does not address the district court's reasoning, and that reasoning fell within the court's discretion.

4.    **Conclusion**

The district court acted within its discretion when denying Mr. Tinsley's motion for reconsideration. So we affirm the denial of reconsideration. We also grant Mr. Tinsley's motion to proceed in forma pauperis and deny as moot his motion for an emergency ruling.

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

plain error. So we do not consider the possibility of plain error. *Id.* at 1196, 1199–1200.

8