**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 22, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MEGA LESTARI SETIYANINGSIH,

    Defendant - Appellant.

No. 23-8085
(D.C. No. 1:19-CR-00198-NDF-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Mega Setiyaningsih, a federal prisoner proceeding pro se, appeals the district court's order denying her motion to reconsider its previous denial of compassionate release.[1] Because the district court did not abuse its discretion in determining that Setiyaningsih failed to proffer previously unavailable evidence, we affirm.

---

[*] After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1] We liberally construe Setiyaningsih's pro se filings. *See United States v. Davis*, 339 F.3d 1223, 1225 (10th Cir. 2003).

**Background**

In June 2020, Setiyaningsih pleaded guilty to possessing methamphetamine with intent to distribute and possessing a firearm in furtherance of drug trafficking. In accordance with the plea agreement, the district court sentenced Setiyaningsih to 180 months in prison (120 months on the drug count and 60 months on the gun count, to be served consecutively) and five years of supervised release.

In October 2021, Setiyaningsih filed her first pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), citing a wide range of preexisting medical conditions, inadequate medical care, and the threat posed by the COVID-19 pandemic. The district court denied the motion after determining that the 18 U.S.C. § 3553(a) sentencing factors weighed against a sentence reduction, and we affirmed. *United States v. Setiyaningsih*, No. 21-8093, 2022 WL 2160001, at *2 (10th Cir. June 15, 2022) (unpublished).

In August 2023, Setiyaningsih filed a second pro se motion for compassionate release. This time, in addition to citing her various medical conditions and the prison's allegedly inadequate medical care, Setiyaningsih asked to serve the rest of her sentence through home confinement so that she could be reunited with her three-year-old daughter, to whom she gave birth shortly after she was sentenced in 2020, as well as her 17-year-old son. Setiyaningsih also asked the court to consider her rehabilitative efforts, including her newfound religious faith, remorse for her crimes, and commitment to education.

Ruling on this second motion, the district court focused on whether Setiyaningsih had established extraordinary and compelling reasons warranting a sentence reduction under § 3582(c)(1)(A). Regarding Setiyaningsih's family circumstances, the district court concluded that her separation from her children was the "usual product of a parent's incarceration" and that she had not shown her children's current care was inadequate. R. vol. 1, 66. In addition, the district court determined that Setiyaningsih's medical records did not support her allegations about her medical conditions and that her allegations of inadequate medical care were wholly unsupported. Accordingly, the district court denied Setiyaningsih's second motion for compassionate release.

Shortly thereafter, Setiyaningsih filed a motion for reconsideration that attached a letter she had received from her daughter's caregiver. The caregiver wrote that because she had stopped working due to her health and age, she was behind on her mortgage and other bills and would be unable to continue caring for Setiyaningsih's daughter. The district court denied the motion, ruling that the caregiver's financial difficulties did not constitute new evidence warranting reconsideration because Setiyaningsih failed to "explain how this information was previously unavailable to her." *Id*. at 81.

Setiyaningsih appeals.

**Analysis**

Setiyaningsih argues that the district court erred in denying her reconsideration motion.[2] Our review is for abuse of discretion. *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011). "A district court abuses its discretion only where it (1) commits legal error, (2) relies on clearly erroneous factual findings, or (3) where no rational basis exists in the evidence to support its ruling." *United States v. Alfred*, 982 F.3d 1273, 1279 (10th Cir. 2020) (quoting *United States v. A.S.*, 939 F.3d 1063, 1070 (10th Cir. 2019)). On the other hand, "[a] district court does not abuse its discretion if its ruling 'falls within the bounds of permissible choice in the circumstances and is not arbitrary, capricious, or whimsical.'" *United States v. Armajo*, 38 F.4th 80, 84 (10th Cir. 2022) (quoting *United States v. Gutierrez de Lopez*, 761 F.3d 1123, 1132 (10th Cir. 2014)).

Setiyaningsih first contends, on a procedural note, that the district court erred by construing her reconsideration motion as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). But we have expressly "imported the standard

---

[2] For two reasons, we limit our review in this appeal to the order denying reconsideration and do not reach the underlying order denying compassionate release. First, Setiyaningsih's notice of appeal lists *only* the order denying reconsideration. *See* Fed. R. App. P. 3(c)(1)(B) (stating that notice of appeal must "designate the judgment—or the appealable order—from which the appeal is taken"); *Gonzalez v. Thaler*, 565 U.S. 134, 147 (2012) ("Rule 3's dictates are jurisdictional in nature." (quoting *Smith v. Barry*, 502 U.S. 244, 248 (1992))). Second, despite mentioning the underlying order in passing, Setiyaningsih's appellate brief raises arguments exclusively directed at the district court's denial of her motion for reconsideration. *See SCO Grp., Inc. v. Novell, Inc.*, 578 F.3d 1201, 1226 (10th Cir. 2009) ("An issue or argument insufficiently raised in a party's opening brief is deemed waived.").

from [Rule 60(b)] to decide motions for reconsideration" in criminal cases, so the district court did not err on this point. *United States v. Warren*, 22 F.4th 917, 927 (10th Cir. 2022). Setiyaningsih also inaccurately suggests that the district court erred by dismissing her motion as untimely. To be sure, the district court noted that she filed her motion outside the 28-day deadline for reconsideration motions in civil cases. *See* Fed. R. Civ. P. 59(e). But that conclusion was irrelevant for two reasons. First, the civil deadline does not apply in this criminal case; instead, reconsideration motions in criminal cases must be filed within the time for filing a notice of appeal. *See Randall*, 666 F.3d at 1242. Second, the district court drew no legal conclusions from this passing fact and did not deny Setiyaningsih's reconsideration motion as untimely.

Turning to the merits, a district court may grant reconsideration when it "has misapprehended the facts, a party's position, or the law." *Id.* (quoting *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014)). "The specific grounds" for "granting such motions include '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Id.* (quoting *Christy*, 739 F.3d at 539).

Setiyaningsih specifically contends that the district court failed to liberally construe her reconsideration motion when it concluded that the letter from her daughter's caregiver did not constitute previously unavailable new evidence. She is correct that courts should liberally construe pro se filings, but "the party requesting [Rule 60(b)] relief . . . bears the burden of showing that relief is warranted." *Crow*

*Tribe of Indians v. Repsis*, 74 F.4th 1208, 1216 (10th Cir. 2023). Here, the district court concluded that Setiyaningsih failed to carry this burden because the caregiver's "difficulties stemming from health and age in meeting financial obligations, such as being behind on mortgage payments, cannot be presumed to have instantaneously arisen in such a short time since last judgment." R. vol. 1, 81. And the district court noted that although Setiyaningsih "*state*[*d*] that such information was previously unavailable," she did "not *explain* how this information was previously unavailable to her." *Id.* (emphases added).

The district court is correct that Setiyaningsih's reconsideration motion lacks any explanation as to why she was previously unaware of the caregiver's financial difficulties. Moreover, Setiyaningsih appears to have offered the letter to rebut the district court's statement in the underlying order that there was no indication Setiyaningsih's children were receiving inadequate care. And "[a] motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Warren*, 22 F.4th at 927 (alteration in original) (quoting *United States v. Huff*, 782 F.3d 1221, 1224 (10th Cir. 2015)).

Further, the letter contains repeated references to video calls between Setiyaningsih and the caregiver, and Setiyaningsih's appellate brief states that the caregiver "repeatedly informed [her] that God would provide." Aplt. Br. 4 n.2. This demonstrates that Setiyaningsih was either aware of the caregiver's financial difficulties when she moved for compassionate release or could have ascertained such information using reasonable diligence. *See* Fed. R. Civ. P. 60(b)(2) (providing

for relief from judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered" any earlier); *Dronsejko v. Thornton*, 632 F.3d 658, 672 (10th Cir. 2011) (affirming denial of Rule 60(b) relief because movants "never adequately explained why they could not have discovered the [allegedly new] evidence . . . had they exercised due diligence"). Thus, the district court did not abuse its discretion in concluding that Setiyaningsih's newly proffered evidence of the caregiver's financial hardship did not justify reconsideration because the evidence was not "previously unavailable."[3] *Warren*, 22 F.4th at 927 (quoting *Christy*, 739 F.3d at 539).

## Conclusion

Because the district court did not abuse its discretion in determining that evidence of the caregiver's financial hardship was not previously unavailable, we affirm the order denying reconsideration.

Entered for the Court


Nancy L. Moritz
Circuit Judge

---

[3] Having concluded that the district court was under no obligation to consider the caregiver's letter, we likewise reject Setiyaningsih's additional argument that the district court erred by failing to determine that the letter established an extraordinary and compelling reason for compassionate release.