FILED
United States Court of Appeals
Tenth Circuit

August 20, 2024

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARLON ALONZO SMITH,

    Defendant - Appellant.

No. 24-4036
(D.C. No. 2:16-CR-00020-DN-1)
(D. Utah)

_____

## ORDER AND JUDGMENT[*]
_____

Before **TYMKOVICH**, **EID**, and **ROSSMAN**, Circuit Judges.
_____

Marlon Alonzo Smith, proceeding pro se, appeals the district court's denial of his motion to reduce his sentence and its refusal to reconsider that denial. Because the district court lacked authority to vary downward from the amended guidelines sentencing range, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    Background

A jury convicted Smith of possessing methamphetamine with an intent to distribute, in violation of 21 U.S.C. § 841(a)(1).  At sentencing, the district court calculated a total offense level of 38 and a criminal history category of III—including a two-point increase for committing the offense while on probation.  His guideline imprisonment range was 292 to 365 months, but the district court varied downward after considering Smith's history and characteristics pursuant to 18 U.S.C. § 3553(a)(1).  He was sentenced to 180 months' imprisonment, and we affirmed his conviction.  *United States v. Smith*, 800 Fed. App'x 658, 662 (10th Cir. 2020).

In November 2023, Smith filed a motion pursuant to 18 U.S.C. § 3582(c)(2) asking the district court to reduce his sentence under the retroactive guideline changes enacted by the U.S. Sentencing Commission in its Amendment 821.  The Amendment limits the criminal history points given to defendants who commit an offense while on probation, and Smith argued he was eligible for a two-point reduction.  He asked the district court to reduce his sentence—and apply a proportional variance—in accordance with his amended guideline range of 262 to 327 months.  The district court denied his motion for a sentence reduction, and subsequently denied his motion for reconsideration.

## II.    Discussion

We review a district court's denial of a § 3582(c)(2) motion and its denial of a motion for reconsideration for abuse of discretion.  *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011); *United States v. Sharkey*, 543 F.3d 1236, 1238

(10th Cir. 2008). But "[t]he scope of a district court's authority in a resentencing proceeding under § 3582(c)(2) is a question of law that we review de novo." *United States v. Rhodes*, 549 F.3d 833, 837 (10th Cir. 2008).

Section 3582(c)(2) allows a court to reduce a sentence for a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582. *See also Dillon v. United States*, 560 U.S. 817, 821–22 (2010) ("When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision. Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission.").

"The Sentencing Commission's policy statements regarding modifications of previously imposed sentences are set forth in [U.S.S.G.] § 1B1.10." *Rhodes*, 549 F.3d at 841. Section 1B1.10 states that a "court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." § 1B1.10. *See also Dillon*, 560 U.S. at 822 ("§ 1B1.10(b)(2)(A) forecloses a court acting under § 3582(c)(2) from reducing a sentence to a term that is less than the minimum of the amended guideline range.") (internal quotation marks omitted).

Smith's 180-month sentence is less than the minimum of the amended guideline range of 262 to 327 months. Thus, "[b]ecause this policy statement is binding on

district courts pursuant to § 3582(c)(2), the district court . . . lacked the authority to impose a modified sentence that fell below the amended guideline range." *Rhodes*, 549 F.3d at 841.  The only exception to this rule is if the defendant received the original below-guidelines sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities."  § 1B1.10(2)(B).  This exception does not apply here.  Smith proceeded to trial and received no reduction in his sentence for substantial assistance to authorities.

Smith advances a few additional arguments.  First, he claims the district court failed to sign the AO247 form.  We can quickly dispose of this argument because it lacks support from the record.  Second, he argues the district court failed to consider the § 3553(a) factors—specifically his post-sentencing conduct—in determining his eligibility for a reduction.[1]  Any error here is harmless because even if the court considered his post-sentencing conduct, it could not have imposed a lower sentence.

We affirm the district court's denial of Smith's motion to reduce his sentence

---

[1] "Consistent with 18 U.S.C. § 3582(c)(2), the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b)."  § 1B1.10, app. n.1(B)(i).

and its refusal to reconsider that denial.  We grant Smith's motion to proceed without

prepaying costs or fees.


Entered for the Court


Timothy M. Tymkovich
Circuit Judge