**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 1, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RONALD WAYNE MILLER, SR.,

    Defendant - Appellant.

No. 24-6151
(D.C. No. 5:14-CR-00043-HE-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BACHARACH**, and **CARSON**, Circuit Judges.
_____

Mr. Ronald Miller, Sr. was convicted of possessing

- methamphetamine with an intent to distribute and

- a firearm after a felony conviction.

*See* 21 U.S.C. § 841(a)(1) (methamphetamine), § 922(g)(1) (firearm). The

district court sentenced Mr. Miller to 284 months' imprisonment and

---

[*]    The parties haven't requested oral argument, and it would not help us decide the appeal. So we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

denied two later motions for a sentence reduction. *See*

18 U.S.C. § 3582(c)(1)(A). Mr. Miller appeals the second ruling.[1]

In this appeal, we review the ruling for an abuse of discretion. *United States v. Bradley*, 97 F.4th 1214, 1218 (10th Cir. 2024). "A district court abuses its discretion only where it (1) commits legal error, (2) relies on clearly erroneous factual findings, or (3) where no rational basis exists in the evidence to support its ruling." *United States v. Alfred*, 982 F.3d 1273, 1279 (10th Cir. 2020).

Mr. Miller argues in part that the district court ruled too early because he still had time to file a reply brief. But he hasn't shown an abuse of discretion. For example, he cites no authority for his right to file a reply brief or say how he would have justified a different result through his desired reply brief. *See Walter v. Morton*, 33 F.3d 1240, 1244 (10th Cir. 1994) ("We find neither prejudice . . . nor an abuse of the district court's discretion in ruling before the filing of a reply brief.").

Mr. Miller also asserts that the district court didn't consider the entire record, apply the pertinent factors, consider his rehabilitation, or properly consider the statutory sentencing factors. But "[a]t bottom, the

---

[1]    Mr. Miller filed the notice of appeal more than fourteen days after the district court had ruled. *See* Fed. R. App. P. 4(b)(1)(A) (setting a fourteen-day deadline to file a notice of appeal). But the deadline for the notice of appeal is not jurisdictional, *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011), and the government doesn't raise timeliness of the notice of appeal.

sentencing judge need only set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."

*Chavez-Meza v. United States*, 585 U.S. 109, 113 (2018) (internal quotation marks omitted).

The district court complied with these requirements by providing a reasoned basis for the ruling, pointing to Mr. Miller's lengthy criminal history, his vaccinations for COVID-19, and his failure to show a medical condition involving a risk beyond what someone would expect at a similar age. Given this explanation, Mr. Miller needed to show a legal error or clearly erroneous factual finding; and he failed to do so. *See* p. 2, above. We thus affirm the denial of Mr. Miller's motion for a sentence reduction.

Entered for the Court

Robert E. Bacharach
Circuit Judge